IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHARON ANN COCHRAN                                                                       PLAINTIFF

vs.                                              Civil No. 1:23-cv-01079

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                  DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Sharon Ann Cochran ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      Background:**

Plaintiff filed her disability application on October 15, 2020. (Tr. 14).[1] In her application, Plaintiff alleges being disabled due to brain aneurysms with two surgeries and high blood pressure. (Tr. 220). Plaintiff alleged an onset date of July 9, 2020. (Tr. 14). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 124-184). This hearing was held on February 1, 2023. (Tr. 29-74). At this hearing, Plaintiff was present, and represented by Tammy Holcomb Adams. *Id.* Plaintiff and Vocational Expert ("VE") Thomas Bott testified at the hearings. *Id.*

The ALJ entered an unfavorable decision on March 9, 2023. (Tr. 14-24). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since October 15, 2020. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had severe impairments of residual effects of two brain aneurysms after surgery, hypertension, and obesity. (Tr. 16, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 19, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 19-22). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform light work except can never climb ladders, ropes, or scaffolds; should avoid exposure to unprotected heights and moving mechanical parts; can understand, remember, and carry out simple instructions; and occasionally deal with changes in a routine work setting. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 5). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 23, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) housekeeping cleaner with approximately 194,495 jobs in the nation, (2) storage facility rental clerk with approximately 61,719 jobs in the nation, and (3) marker/price maker with

approximately 131,383 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act since October 15, 2020. (Tr. 23, Finding 10).

On August 3, 2023, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9, 13, and 14. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 9. In making this claim, Plaintiff argues the ALJ erred in the RFC determination by failing to adopt and explain limitations contained in a consultative medical report. *Id.*

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except can never climb ladders, ropes, or scaffolds; should avoid exposure to unprotected heights and moving mechanical parts; can understand, remember, and carry out simple instructions; and occasionally deal with changes in a routine work setting. (Tr. 19, Finding 4). Plaintiff argues the

ALJ erred in this RFC determination. ECF No. 9. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court does not find Plaintiff has demonstrated having any greater limitations than those found by

the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from several impairments does not demonstrate she has more limitations than those found in the RFC assessment above.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. (Tr. 19-22). The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the decision. *Id*. The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing Plaintiff's RFC. *Id.*

On January 26, 2021, Plaintiff was seen for a consultative examination by Dr. Sonia Cox. (Tr. 280-286). According to Dr Cox, Plaintiff had moderate limitations in her ability to stand/walk up to 6 hours while permitted frequent rest breaks and/or opportunities to change positions. (Tr. 286). Plaintiff argues the ALJ erred because she should have included these additional RFC limitations. However, an ALJ can accept some, but is not bound to accept all medical opinions. *See Austin v. Kijakazi*, 52 F 4th 723, 729 (8th Cir. 2022).

The ALJ properly formulated Plaintiff's RFC and because the ALJ's hypothetical included the impairments and limitations that were supported by the record, it was proper for the ALJ to rely on the VE's response to find that Plaintiff is not disabled. *See Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). A VE's testimony "based on a properly phrased hypothetical question constitutes substantial evidence." *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999).

Substantial evidence here supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in here and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

6

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of May 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE